PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
F I L E D

APR 18 2019

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Houston DIVISION

Jeremy Heath Needum   TDCJ #1257053
Plaintiff's Name and ID Number

Jester III Unit TDCJ
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Lorie Davis, PO Box 99, Huntsville, TX 77342
Defendant's Name and Address

Troy Simpson, 3 Jester Rd, Richmond, TX 77406
Defendant's Name and Address

Lannette Linthicum, 2 Financial Plaza, Ste. 625, Huntsville, TX 77340
Defendant's Name and Address
( DO NOT USE "ET AL.")

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

DEFENDANT'S NAMES AND ADDRESSES (CONTINUED)

WILLIAM T. CROMWELL, 2 FINANCIAL PLAZE, STE. 625, HUNTSVILLE, TX 77340
DR. FRIEDMAN, 3 JESTER ROAD, RICHMOND, TX 77406
PA ALAN EVANS, 3 JESTER ROAD, RICHMOND, TX 77406
MR. THOMAS, 3 JESTER ROAD, RICHMOND, TX 77406
LVN MAYES, 3 JESTER ROAD, RICHMOND, TX 77406
MRS. KIZZEE, 3 JESTER ROAD, RICHMOND, TX 77406
DR. VENKATESAN, 301 UNIVERSITY BLVD., GALVESTON, TX 77555
SARA HANCOCK, 301 UNIVERSITY BLVD., GALVESTON, TX 77555
NAME UNKNOWN, TDCJ HEALTH SERVICES DIVISION OFFICE OF PROFESSIONAL STANDARDS,
    PATIENT LIAISON PROGRAM, PO BOX 99, HUNTSVILLE, TX 77342-0099

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES  X  NO
    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit: NA
        2. Parties to previous lawsuit:
            Plaintiff(s) NA
            Defendant(s) NA
        3. Court: (If federal, name the district; if state, name the county.) NA
        4. Cause number: NA
        5. Name of judge to whom case was assigned: NA
        6. Disposition: (Was the case dismissed, appealed, still pending?) NA
        7. Approximate date of disposition: NA

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: TDCJ Jester 3 Unit, 3 Jester Rd, Richmond, TX 77406

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  _X_ YES  ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Jeremy Heath Needum, TDCJ #1257053

3 Jester Road

Richmond, TX 77406

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Lorie Davis, Director of TDCJ, TDCJ, PO Box 99, Huntsville, TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The Defendant created a policy or custom under which unconstitutional practices occurred, and allowed the continuance of such a policy or custom

Defendant #2: Troy Simpson, Warden Jester 3 Unit, TDCJ, 3 Jester Rd, Richmond, TX 77406

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

The Defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong.

Defendant #3: Lannette Linthicum, CMC-UTMB Health Services MD., UTMB-CMC TDCJ 2 Financial Plaza, Ste. 625, Huntsville, TX 77340

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Created a policy or custom under which unconstitutional practices occurred, and the continuance of such a policy or custom.

Defendant #4: William T. Cromwell, Pharmacy Supervisor, Huntsville Pharmacy, 2 Financial Plaza, Ste. 625, Huntsville, TX 77340

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The defendant was grossly negligent in supervising subordinates who committed the wrongful acts and exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occuring.

Defendant #5: Name not known of TDCJ Health Services Division, Office of Proffesional Standards, Patient Liaison Program, PO Box 99, Huntsville, TX 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The Defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong.

Rev. 05/15

IV. PARTIES TO THIS SUIT (CONTINUED)

DEFENDANT #6
PA Alan Evans, Shelter Housing Jester 3 PA, TDCJ, 3 Jester Rd., Richmond, TX 77406
THE DEFENDANT PARTICIPATED DIRECTLY IN THE ALLEGED CONSTITUTIONAL VIOLATION AND THE DEFENDANT AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG AND THE DEFENDANT EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHTS OF INMATES BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS WERE OCCURRING.

DEFENDANT #7
Dr. Friedman, Medical Director Jester 3 Unit TDCJ, Jester 3 Unit TDCJ, 3 Jester Rd., Richmond, TX 77406
THE DEFENDANT PARTICIPATED DIRECTLY IN THE ALLEGED CONSTITUTIONAL VIOLATION AND THE DEFENDANT, AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG AND THE DEFENDANT WAS GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATES WHO COMMITTED THE WRONGFUL ACTS.

DEFENDANT #8
Dr. Venkatesan, Oncology UTMB-CMC, UTMB Hospital Galveston, 301 University Blvd., Galveston, TX 77555
THE DEFENDANT PARTICIPATED DIRECTLY IN THE ALLEGED CONSTITUTIONAL VIOLATION AND THE DEFENDANT, AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG.

DEFENDANT #9
LVN Mrs. Mayes, Nurse at Jester 3 Unit Sheltered Housing, Jester 3 Unit, 3 Jester Rd., Richmond, TX 77406
THE DEFENDANT PARTICIPATED DIRECTLY IN THE ALLEGED CONSTITUTIONAL VIOLATION AND THE DEFENDANT, AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG.

DEFENDANT #10
Sara Hancock, Pallative Care UTMB-CMC, UTMB Hospital Galveston, 301 University Blvd., Galveston, TX 77555
THE DEFENDANT PARTICIPATED DIRECTLY IN THE ALLEGED CONSTITUTIONAL VIOLATION AND THE

## IV. PARTIES TO THIS SUIT (CONTINUED)

THE DEFENDANT, AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG.

### DEFENDANT #11
MRS. KIZZEE, NURSE MANAGER, JESTER 3 UNIT TDCJ, 3 JESTER RD., RICHMOND, TX 77406
THE DEFENDANT EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHTS OF INMATES BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS WERE OCCURING.

### DEFENDANT #12
MR. THOMAS, PRACTICE MANAGER, JESTER 3 UNIT TDCJ, 3 JESTER RD., RICHMOND, TX 77406
THE DEFENDANT, AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG AND THE DEFENDANT CREATED A CUSTOM UNDER WHICH UNCONSTITUTIONAL PRACTICES OCCURRED, OR ALLOWED THE CONTINUANCE OF SUCH A POLICY OR CUSTOM. THE DEFENDANT EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHTS OF INMATES BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS WERE OCCURRING.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

PLAINTIFF IS TERMINALLY ILL DIAGNOSED WITH CHRONIC LYMPHOCYTIC LEUKEMIA/PROLYMPHOCYTIC LEUKEMIA STAGE 4 ON 8/24/2016. GIVEN THE RARITY OF B-CELL PROLYMPHOCYTIC LEUKEMIA THE OPTIMAL TREATMENT REGIMENS ARE NOT WELL-DEFINED, AND THE DISEASE CARRIES A POORER PROGNOSIS OVERALL THAN CLL AND CURRENTLY NONE OF THE CONVENTIONAL THERAPIES ARE CURATIVE, AND THE GOAL OF THERAPY SHOULD BE TO PREVENT COMPLICATIONS FROM CLL WHILE OPTIMIZING QUALITY OF LIFE. STAGE 3 AND 4 PATIENTS (ANEMIA/THROMBOCYTOPENIA), HAVING MEDIAN SURVIVALS OF 71-19 MONTHS IN THE ORIGINAL REPORT. (CLL/BCELL-PLL-CANCER THERAPY ADVISOR) PLAINTIFFS CT SCANS ON 1/25/2019 AND 3/08/2019 SHOW LEUKIMIA/LYMPHOMA LESIONS IN THE SPLEEN THAT ARE NEW AND INCREASED IN SIZE AND NUMBER

(CONTINUED ON ATTACHMENT)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

PLAINTIFF IS REQUESTING A PRELIMINARY INJUNCTION. PLAINTIFF WILL SUFFER IRREPARABLE INJURY UNLESS THE INJUCTION ISSUES TDCJ PHARMACY AND UNIT PROVIDERS

(CONTINUED ON ATTACHMENT)

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

_____

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

_____

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied? ___ YES ___ NO

Rev. 05/15

## V. STATEMENT OF CLAIM (CONTINUED)

COMPAIRED TO PRIOR EXAM. (UTMB HEMATOLOGY/ONCOLOGY). PLAINTIFF IS IN PALLIATIVE CARE STARTING AROUND 9/27/2018. TDCJ CORRECTIONAL MANAGED HEALTH CARE POLICY #G-51.8 (EFFECTIVE DATE 3/17/2016) READSL : "CARE OF OFFENDERS WITH TERMINAL CONDITIONS". PURPOSE: "TO PROVIDE A CONTINUUM OF CARE FOR PATIENTS WITH TERMINAL CONDITIONS, FROM OUTPATIENT PALLIATIVE CARE TO INPATIENT HOSPICE CARE THAT MAXIMIZES THE PATIENT'S ACTIVITIES OF DAILY LIVING AND ENHANCES THE OVERALL QUALITY OF REMAING LIFE". PALLIATIVE CARE: "REFERS TO SERVICES PROVIDED TO A PATIENT FACING A LIFE-LIMITING ILLNESS THAT FOCUSES PRIMARILY ON REDUCTION OR ABATEMENT OF PAIN AND OTHER SYMPTOMS CAUSING DISCOMFORT". ALSO, "TDCJ AND ITS AFFILIATE UNIVERSITY (UTMB GALVESTON) PROVIDERS WILL OFFER A CONTINUUM OF CARE, SUPPORT, AND EDUCATION REGARDING END-OF-LIFE CARE AND OPTIONS FOR OFFENDERS WITH TERMINAL CONDITIONS INCLUDING: PALLIATIVE CARE IN THE OUTPATIENT SETTING". FURTHER, "ALL OFFENDERS WHO HAVE BEEN IDENTIFIED AS HAVING A TERMINAL MEDICAL CONDITION AND ARE RECEIVING PALLIATIVE CARE; THE FACILITY MEDICAL DIRECTOR (DR. FRIEDMAN) OR DESIGNEE (MR. THOMAS, PA EVANS, NURSE MANAGER KIZZEE) SHALL BE RESPONSIBLE FOR PROVIDING NOTIFICATION IN WRITING TO THE FACILITY WARDEN (TROY SIMPSON) OR DESIGNEE (LORIE DAVIS) OF ALL OFFENDERS IDENTIFIED AS HAVING A TERMINAL CONDITION." DEFENDANTS' LORIE DAVIS, TROY SIMPSON, LANNETTE LINTHICUM, WILLIAM CROMWELL, DR. VENKATESON, DR. FRIEDMAN, PA EVANS, SARA HANCOCK, MR. THOMAS, MRS. KIZZEE AND PATIENT LIAISON OFFICE; ACCORDING TO CMC POLICY G-51.8 ARE ALL DIRECT AND INDIRECT PARTICIPATANCES WHEN VIOLATING THIS POLICY. HIGHER OFFICIALS LORIE DAVIS AND LANNETTE LINTHICUM CREATED A POLICY OR CUSTOM UNDER WHICH UNCONSTITUTIONAL PRACTICES OCCURRED AND LOWER OFFICIALS, DR. FRIEDMAN, PA EVANS, MR. THOMAS AND MRS. KIZZEE; ACCORDING TO POLICY WERE REQUIRED TO NOTIFY IN WRITING ALL PATIENTS WHO ARE TERMINALLY ILL TO THE WARDEN TROY SIMPSON, JESTER 3 UNIT TDCJ. DR. FRIEDMAN, PA EVANS, DR. VENKATESON, SARA HANCOCK, MR. THOMAS, MRS. KIZZEE, WILLIAM CROMWELL, LVN MAYES, AND PATIENT LIAISON OFFICE, HAVE ALL BEEN NOTIFIED OF PLAINTIFF'S TERMINAL CONDITION THROUGH A REPORT, APPEAL, SICK CALL, REQUEST FORM, POLICY OR GRIEVANCES. SOME OF THESE SAME OFFICIALS HAVE SET IN MOTION A SERIES OF EVENTS THAT THEY KNEW OR REASONABLY SHOULD HAVE KNOWN WOULD CAUSE PLAINTIFF SEVERE PAIN. THESE ACTIONS INCLUDE "DENYING PALLIATIVE TREATMENT", POLICY G-51.8, AND "DENYING DETOXIFICATION ACCORDING TO POLICY #G-54.1". PLAINTIFF HAS BEEN ON "MORPHINE", AN OPIOID FOR OVER 2 YEARS AND THE ABOVE OFFICIALS STOPPED THE OPIOD MEDICATION FOR SEVER PAIN ON 2/13/2019 WITHOUT TAPPERING HIM OFF, IE DETOXIFICATION. CMC POLICY #G-54.1 DETOXIFICATION:

## V. STATEMENT OF CLAIM (CONTINUED)

"PURPOSE: TO DESCRIBE GUIDELINES FOR THE DETOXIFICATION OF OFFENDERS". <u>POLICY:</u> <u>1.)</u> "DETOXIFICATION IS PROVIDED UNDER DIRECT MEDICAL SUPERVISION IN ACCORDANCE WITH LOCAL, STATE AND FEDERAL LAWS". <u>2.)</u> "THE DISEASE MANAGEMENT GUIDELINES IN THE CURRENT CORRECTIONAL MANAGED CARE FORMULARY WILL BE FOLLOWED FOR THE DISCONTINUATION OF BENZODIOZEPINES OR <u>OPIOIDS</u>". <u>3.)</u> "GUIDELINES FOR THE TREATMENT OF OFFENDERS MANIFESTING SYPMTOMS OF INTOXICATION OR WITHDRAWAL ARE DEVELOPED BY THE MEDICAL/MENTAL HEALTH SERVICES STAFF AND FOLLOWED."

TO START THINGS OFF, PALLIATIVE CARE POLICY REQUIRED THAT OFFICIALS BE GIVEN NOTICE OF PLAINTIFF'S TERMINAL ILLNESS. THIS HELPS PROVE THE OFFICIALS KNOWLEDGE OF THE SERIOUS MEDICAL NEEDS OF PLAINTIFF. PALLIATIVE TREATMENT PERSIST OF PAIN MANAGEMENT; PLAINTIFF WAS RECEIVING 100MG ER MORPHINE TWICE DAILY AND A MORPHINE ELIXIR EVERY 4 HOURS; THERE IS NO DENYING THAT PLAITIFF WAS USING OPIOIDS. (9/15/17 DR. OJO) PLAINTIFF'S FINAL DIAGNOSIS WILL <u>NEVER</u> CHANGE BECAUSE HIS ILLNESS IS <u>NOT CUREABLE.</u> THE GOAL IS TO MAKE PLAINTIFF "COMFORTABLE" SO THE REMAINING LIFE HE AHS LEFT IS NOT IN PAIN. ONCOLOGY CLINIC HAS NOTED PLAINTIFF'S SEVERE SPLEEN PAIN (5/18/17; 9/14/17; 11/16/17; 2/28/18; 4/4/18; 8/2/18; 12/19/18; 2/27/19). THESE CLINIC NOTES ARE MEDICAL RECORDS AVAILABLE TO UNIT PROVIDERS. PLAINTIFF HAS BEEN ADMITTED INTO HOSPITAL GALVESTON OVER 12 TIMES IN THE PAST 3 YEARS FOR CANCER RELATED ISSUES (8/24/16; 9/28/16; 9/2/16; 1/18/17; 6/30/17; 7/1/17; 4/4/18; 6/4/18; 7/9/18; 10/4/18; 1/14/19; 2/19/19). MEDICAL RECORDS AND CLINIC RECORDS SHOW PLAINTIFF WAS ALREADY PRESCRIBED MORPHINE FOR CANCER PAIN, BUT WHEN PLAINTIFF TRANSFERS TO JESTER 3 UNIT; PA EVANS AROUND OCT-NOV. 2018, SENT EMAILS OUT TO ONCOLOGY, PALLIATIVE CARE AND PHARMACY TELLING THEM TO QUESTION PLAINTIFF'S USE OF MORPHINE. WILLIAM CROMWELL IS PHARMACY SUPERVISOR; PRIOR TO PA EVANS EMAILS, PHARMACY HAD ALREADY APPROVED A NON-FORMULARY REQUEST FOR DR. FRIEDMAN IN OCT. 2018 FOR 90MG ER TABLET MORPHINE TWICE DAILY AND THE ELIXIR 10MG MORPHINE EVERY 8 HOURS. THE NON-FORMULARY WAS APPROVED TO LAST UNTIL 4/24/19. BUT ALL OF THIS WAS TAKEN FROM PLAINTIFF. PHARMACY PUT A HOLD ON ALL OF PLAINTIFF'S MORPHINE; REDUCED THE 90MG TABLET TO 30MG AND TOOK THE ELIXIR. THIS WAS DONE INTENTIONALLY! PA EVANS INTERFERRED WITH DIRECTO MEDICAL ORDERS FROM A HIGHER OFFICIAL; INTERFERING WITH PALLIATIVE TREATMENT; TREATMENT ONE PRESCRIBED TO A TERMINAL CANCER PATIENT! PA EVANS ACTIONS, INTENTIONALLY INTERFERING WITH THE TREATMENT ALREADY PRESCRIBED AND FAILING TO PROVIDE PATIENTS ALREADY PRESCRIBED PAIN MEDICATION FOR CANCER PAIN "BORDERS ON THE BARBAROUS".

PLAINTIFF SENDS DR. FRIEDMAN, MR. THOMAS, PA EVANS AND NURSE KIZZEE NOTICE

## V. STATEMENT OF CLAIM (CONTINUED)

THAT HE NEEDS TO BE SEEN; HIS PAIN MEDICATION IS BEING INTERFERED WITH AND THAT HE IS SUFFERING PAIN. (2/4/19; 3/10/19; 2/19/19; 2/17/19; 3/1/19; 10/24/18; 10/25/18; 11/8/18; 11/20/18; 12/3/18; 12/5/18; 12/18/18; 12/19/18; 12/28/18; 12/29/18; 1/1/19; 1/3/19; 1/4/19; 1/7/19; 1/8/19; 1/10/19; 1/12/19; 1/13/19; 1/30/19; 1/31/19; 2/1/19; 2/4/19; 2/7/19; 2/8/19; 2/9/19; 2/11/19; 2/13/19; 2/15/19; 3/2/19; GRIEVANCE #2019026954 & 2019051175) THE SHEER NUMBER OF SPECIFIC INSTANCES IN WHICH THESE PROVIDERS KNEW AND INSISTED ON CONTINUING COURSES OF TREATMENT THAT THE PROVIDERS KNEW WERE CAUSING PLAINTIFF PAIN AND THAT WERE INEFFECTIVE CAUSED A SUBSTANTIAL RISK OF SERIOUS HARM TO THE PLAINTIFF. A SERIOUS MEDICAL NEED EXISTS WHEN THE FAILURE TO TREAT A PRISONERS CONDITION COULD RESULT IN FURTHER SIGNIFICANT INJURY OR THE UNNECESSARY AND WONTON INFLICTION OF PAIN. A SERIOUS MEDICAL NEED IS THE PRESENCE OF A MEDICAL CONDITION THAT SIGNIFICANTLY AFFECTS AN INDIVIDUALS DAILY ACTIVITIES; OR THE EXISTENCE OF CHRONIC AND SUBSTANTIAL PAIN. IN REGARDS; PLAINTIFF HAS CLL/PLL, A LEUKEMIA THAT IS A CHRONIC DISEASE THAT CAUSES SEVERE PAIN IN ABDOMEN. PLAINTIFF'S DIAGNOSIS HAS NOT CHANGED AND IN REGARDS HIS PAIN MEDICATION (MORPHINE) SHOULD NOT BE CHANGED.

ON 2/13/19, DR. FRIEDMAN, PA EVANS (JESTER 3 PROVIDERS), WILLIAM CROMWELL (PHARMACY), AND DR. VENKATESAN (ONCOLOGY) STOPPED PLAINTIFF'S MORPHINE WITHOUT TAPPERING HIM OFF, VIOLATING <u>DETOXIFICATION POLICY G-54.1.</u> PLAINTIFF SUFFERED PAIN NEEDLESSLY WHEN RELIEF WAS READILY AVAILABLE; THERE NEEDS TO BE A CAUSE OF ACTION AGAINST THOSE WHOSE DELIBERATE INDIFFERENCE IS THE CAUSE OF HIS SUFFERING. ON 2/12/19, PLAINTIFF REPORTS TO LVN MAYES THAT HE NEEDS HIS MORPHINE, THAT WITHOUT IT HE WILL GET SICK. LVN MAYES TREATED PLAINTIFF NOT AS A PATIENT, BUT AS A NUISANCE AND WAS INSUFFICIENTLY INTERESTED IN HIS HEALTH TO TAKE EVEN MINIMAL STEPS TO GUARD AGAINST THE POSSIBILITY THAT THE INJURY WAS SEVERE. READING LVN MAYES' CLINIC NOTES ON 2/13/19 IN PLAINTIFFS MEDICAL RECORDS; MAYES DID NOT BELIEVE PLAINTIFF AND SHE SEEN PLAINTIFF AS A NUISANCE. THERE WAS NO PHYSICAL EXAMINATION OF PLAINTIFF AND FOUR DAYS LATER PLAINTIFF WAS FOUND ON THE FLOOR IN SEVERE PAIN FROM WITHDRAWLS. LVN TAIWO WAS THE CLINIC NURSE AND HER CLINIC NOTES ARE DATED 2/17/19. THE NEXT DAY PLAINTIFF IS GETTING SICKER; HE ENDS UP IN OAKBEND HOSPITAL ON 2/18/19 FOR SYMPTOMS OF WITHDRAWLS.

BOTH DR. FRIEDMAN AND PA EVANS KNEW PLAINTIFF HAS BEEN REQUESTING AND NEEDED MORPHINE. THE PROVIDERS ONLY SEEN PLAINTIFF AS A BURDEN; A DRUG-USER SEEKING DRUGS. THEY DID AND DO NOT SEE PLAINTIFF AS A TERMINALLY ILL CANCER PATIENT

## V. STATEMENT OF CLAIM (CONTINUED)

IN PALLIATIVE CARE. DR. FRIEDMAN AND PA EVANS BOTH SIGNED OFF ON LVN MAYES CLINIC REPORT ON 2/13/19. BOTH PROVIDERS <u>REFUSED</u> TO EXAMINE OR PROVIDE MORPHINE, AND THEIR ACTIONS AND SIGN OFF ON 2/13/19 SUPPORTS AN INFERENCE THAT THEY WERE HOSTILE AND DISMISSIVE TO PLAINTIFF'S NEEDS AND THEREFORE DELIBERATELY INDIFFERENT. MORE FACTS OF DELIBERATE INDIFFERENCE IS ON 2/8/19 WHEN PLAINTIFF NOTICES A MEDICAL RESTRICTION WAS REMOVED FROM MEDICAL RECORDS. A RESTRICTION THAT LETS TDCJ KNOW THAT PLAINTIFF NEEDS TO BE ON A UNIT THAT PROVIDES MEDICAL STAFF ON THE UNIT 24 HOURS A DAY DUE TO PLAINTIFF'S PALLIATIVE CARE NEEDS AND HIS LEUKEMIA AND THROMBOCYPTOPENIA DISORDER. PA EVANS RESPOND WITH A HOSTILE AND DISMISSIVE ATTITUDE STATING "24 HOUR UNIT NOT REQUIRED. PEOPLE HAVE THIS SAME PROBLEM AND ARE AT HOME WWITH NO MEDICAL CARE". PLAINTIFF IS NOT AT HOME WHERE HE HAS ACCESS TO HEALTH SERVICES AND WITH THIS BEING THE CASE; THE LAW REQUIRES PRISONERS TO HAVE ACCESS FOR <u>ALL</u> THEIR MEDICAL NEEDS. PA EVANS ACTIONS AND STATEMENTS DIRECTLY DEMONSTRATE ON INDIFFERENT OR HOSTILE ATTITUDE TOWARDS PLAINTIFF. EVIDENCE OF THIS GOES FURTHER WHEN PA EVANS ON 12/13/18; WHILE NURSE MANAGER MRS. KIZZEE WAS INSIDE THE CLINIC OFFICE IN SHELTERED HOUSING WHERE PLAINTIFF IS HOUSED; PA EVANS STOOD BETWEEN KIZZEE AND PLAINTIFF AND TOLD PLAINTIFF "YOU ARE KICKED OUT OF MEDICAL, YOU WILL NEVER RECEIVE MEDICAL TREATMENT HERE AGAIN". THIS TOOK PLACE IN FRONT OF EVERY PRISONER IN SHELTERED HOUSING. THE WAS IN RESPONSE TO A PREA VIOLATION PLAINTIFF FILED ON 12/13/18 AFTER PA EVANS MADE DEROGOTORY COMMENTS TO PLAINTIFF AND WHEN PLAINTIFF WAS REPORTING THE ACTIONS TO NURSE MANAGER KIZZEE.

   PLAINTIFF REPORTS THE DEROGATORY COMMENTS TO TDCJ OFFICIALS. PREA OFFICIALS OPEN A SEXUAL HARASSMENT CASE AGAINST PA EVANS. TRYING TO JUSTIFY HIS ACTIONS, PA EVANS SUBMITS DEROGATORY COMMENTS INTO PLAINTIFF MEDICAL RECORDS ON 12/13/18. ON 1/3/19, PA EVANS SUBMITS MORE DEROGATORY COMMENTS INTO PLAINTIFF'S MEDICAL RECORDS. NOT HAVING ANYTHING TO DO WITH PLAINTIFF'S MEDICAL NEEDS; THE COMMENTS SUBMITTED WERE TO TRY JUSTIFYING EVANS LIES AND ACTIONS; TO HARASS PLAINTIFF NOW AND IN THE FUTURE WHEN OTHER PROVIDERS READ THE LIES FROM PA EVANS. NOW THAT A PREA VIOLATION WAS SUBMITTED, ITS EASY TO SEE THE HOSTILE AND DISMISSIVE ATTITUDE OF PROVIDERS AND STAFF. ON 2/13/19, WHEN LVN MAYES WAS INFORMED OF PLAINTIFF'S MORPHINE WITHDRAWAL AND HOW SHE AND PROVIDERS WAITS FOR A MANIFEST EMERGENCY BEFORE OBTAINING MEDICAL CARE SHOWS THEIR DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS. ON 2/17/19, WHEN PLAINTIFF SEES LVN TAIWO; SHE NOTIFIED PA EVANS AND EVANS AS A JOKE ORDERS IBORPOFEN, A MEDICATION NOT

## V. STATEMENT OF CLAIM (CONTINUED)

FOR USE IN WITHDRAWLS. PA EVANS FAILURE TO INQUIRE INTO ESSENTIAL FACTS THAT ARE NECCESSARY TO MAKE A PROFESSIONAL JUDGMENT SHOWS THAT HE WAS HOSTILE AND DISMISSIVE TOWARD PLAINTIFF BECAUSE, ANY MEDICAL PROFESSIONAL WOULD KNOW THAT AFTER 2 YEARS OF USING MORPHINE, THE PATIENT IS GOING TO SUFFER WITHDRAWLS AND TREATMENT IS NEEDED. PA EVANS AND DR. FRIEDMAN BOTH ARE IN THE WRONG WHEN ON 1/25/19, PLAINTIFF WAS DISCHARGED FROM HOSPITAL GALVESTON. THE ORDERING FACILITY, HOSPITAL GALVESTON, TDCJ'S AFFILIATE UNIVERSITY, ORDERED PLAINTIFF ON 1/25/19 MORPHINE 30MG ER TABLET TWICE DAILY FOR 10 DAYS X'S 1 MONTH. WHEN PLAINTIFF RETURNED TO JESTER 3, PA EVANS AND DR. FRIEDMAN AND PHARMACY, MR. COMWELL FAILED TO CARRY OUT DIRECT MEDICAL ORDERS WHEN THE MENTIONED OFFICIALS DELIB- ERATELY changed THE PRESCRIBED MORPHINE DATE OF 10 DAYS X'S 1 MONTH (1/25/19 TO 2/4/19 THEN 2/4/19 THRU 3/4/19) AND CHANGED IT TO STOP ON 2/13/19. PA EVANS AND DR. FRIEDMAN ALONG WITH MR. CROMWELL INTENTIONALLY INTERFERED WITH THE TREATMENT PRESCRIBED BY TDCJ HOSPITAL GALVESTON SHOWING TOTAL DISREGARD FOR THE DIRECT MEDICAL ORDERS AND PLAINTIFF'S SEVERE PAIN. THESE PROVIDERS ACTIONS FALL BACK ON THE COMMENT EVANS MADE TO PLAINTIFF WHEN HE FILE THE PREA VIOLATION. LOOKING AT THE DATES OF THE REPORTED VIOLATIONS, ITS EASY TO SEE THAT EVANS AND FRIEDMAN ARE HOLDING HOSTILE AND DISMISSIVE FEELINGS TOWARDS PLAINTIFF. DENYING MEDICATION, REFUSING TO SEE PATIENT... ON 2/4/19 AND 3/1/19; DR. FRIEDMAN RESPONDED TO PLAINTIFF'S MEDICAL REQUEST BY SAYING: REFUSING APPOINTMENT AND DENIED APPOINTMENT. THIS IS TOTALY DELIBERATE INDIFFERENCE.

   WHY IS PLAINTIFF NOT RECEIVING PROPER PAIN MEDICATION AND WHY WAS HIS MEDICATION STOPPED? THE CONDUCT OF PA EVANS AND DR. FRIEDMAN SIMPLY MAKES NO SENSE AND IS NOT EXPLAINED IN THE MULTIPLE ATTEMPTS PLAINTIFF HAS MADE TO PROVIDERS. FAILING TO RESPOND TO APPARENTLY SERIOUS COMPLAINTS AND REFUSING TO CARRY OUT PRESCRIBED OR RECOMMENDED TREATMENTS FOR NO APPARENT REASON RAISES A FACTUAL QUESTION OF DELIBERATE INDIFFERENCE.

   A RELATED ISSUE IS POSED IN WHICH PRISON MEDICAL PERSONNEL HAVING REFERRED PLAINTIFF TO A SPECIALIST (PALLIATIVE CARE) FAIL TO CARRY OUT THE SPECIALIST'S RECOMMENDATIONS. IT SEEMS THAT WHEN PRISON OFFICIALS OR MEDICAL STAFF REFER PLAINTIFF TO AN OUTSIDE CONSULTANT, THEY ARE IN EFFECT CONCEDING THAT THEIR OWN JUDGEMENT IS NOT SUFFICIENT TO ADDRESS THE PLAINTIFF'S MEDICAL CONDITION, AND WHEN THEY DISCREGARD THE CONSULTANT'S DIRECTIONS, THEY SHOULD AT A MINIMUM BE REQUIRED TO PROVIDE A <u>CONVINCING</u> EXPLANATION FOR THEIR CHOICE, AND NOT MERELY TO LABLE THE MATTER AS A DIFFERENCE OF MEDICAL OPINION.

## V. STATEMENT OF CLAIM (CONTINUED)

Medical providers respond by saying that they did provided some medical care, or that medical care was adequate in general, but prison officials must respond to all of plaintiff's serious medical needs, not just the minor ones they can actually handle. To show how unit providers are mistreating plaintiff, on 2/7/19 and 3/2/19, Dr. Friedman tells plaintiff on plaintiff's request form for medical help; that he (Dr. Friedman) refuses to see him (plaintiff).
All defendants are sued in Plaintiffs §1983 claim in their individual and their official capacities.

## VI. RELIEF (CONTINUED)

To provide already prescribed pain medication (morphine ER tablets 100mg twice daily) and (one 10mg elixir morphine every 6 hours) for plaintiffs chronic pain caused by his enlarged spleen due to chronic lymphoaytic leukemia/ Prolymphocytic leukemia stage 4 and plaintiffs bone pain from diagnosis of Thrombocytopenia, splenic hypodensities and pancytopenia (Bone Marrow Pathology Report 3/7/2019). The injuction issues UTMB affiliate university "palliative care" providers to provide plaintiff with "palliative treatment" (100mg ER tablets twice daily morphine) for the reduction or abatement of pain and other symptoms causing discomfort (Plaintiff's cancer symptoms, terminal condition) and provide plaintiff with the actual care outlined in CMC Policy G-51.8 that TDCJ and their affiliated university providers have plaintiff already in "Care of Offenders with Terminal Conditions".

Plaintiff has a "serious medical need" for a prior condition of leukemia; the need exists when medical providers failure to treat plaintiff's palliative care treatment for his terminal condition reduces plaintiff's activities of daily living and reduces the overall quality of remaining life for leukemia patient (plaintiff).

Plaintiff will suffer "irreparable injury" without an injuction, violating plaintiff's Eighth Amendment Right. Plaintiff will suffer more without an injuction that prison and medical officials will suffer if the injuction is granted. The balance of hardships is that plaintiffs interest in medical care; receiving his morphine for cancer related pain and palliative treatment out- weighes the State's interest in saving money or medical's interest in having to provide adequate and once already prescribed medication and treatment.

It is in the public's interest to grant the injuction on matters that the

## VI. RELIEF (CONTINUED)

PUBLIC HAS AN INTEREST TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS. THE PUBLIC'S INTEREST TO UPHOLD THE RIGHT TO ADEQUATE MEDICAL CARE AND TREATMENT WHEN IT IS BEING ARBITRARILY DENIED BY PRISON MEDICAL OFFICIALS ABSENT LEGITIMATE REASONS FOR NOT FOLLOWING THEIR OWN HEALTH CARE POLICY FOR TERMINAL CANCER PATIENTS IN THEIR CARE.

PLAINTIFF IS ASKING FOR COMPENSATORY DAMAGES; NOMINAL DAMAGES AND PUNITIVE DAMAGES. PLAINTIFF IS ASKING THAT SERVICE AND PROCESS BE ISSUED ACCORDING TO THE LAW AND REQUEST FOR CITATION/SUMMONS TO BE ISSUED.

PLAINTIFF REQUEST THAT THE COURT GRANT HIM DISCOVERY ACCORDING TO FED.R.CIV.P. PLAINTIFF REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. §1915(E)(1) BECAUSE PLAINTIFF IS WHEELCHAIR BOUND, CANNOT AFFORD TO HIRE A LAWYER, CASE INVOLVES SUBSTANTIAL INVESTIGATION AND DISCOVERY, COMPLEX CASE ISSUES, NEVER BEFORE BEEN A PARTY TO A CIVIL LEGAL PROCEEDING, INVOLVE CONFLICTING TESTIMONY, PRESENTATION OF EVIDENCE, CORSS EXAMINATION OF OPPOSING WITNESSES, TERMINALLY ILL AND CHRONIC INFECTIONS HOSPITALIZE PLAINTIFF REGULARLY.

PLAINTIFF FURTHER REQUEST THE COURT TO GRANT RELIEF AS THE HONORABLE COURT DEEMS JUST AND PROPER AND GRANT TRIAL BY JURY ON ALL ISSUES TRIABLE.

C. Has any court ever warned or notified you that sanctions could be imposed?   ___ YES  _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: 4/9/2019
            DATE

_____
(Signature of Plaintiff)
Jeremy Needum

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __9th__ day of __April__, 20__19__.
           (Day)            (month)         (year)

_____
(Signature of Plaintiff)
Jeremy Needum

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5